```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


JENNIFER MARIE CALHOUN                  *        CIVIL ACTION

versus                                  *        NO. 18-9574

ANDREW SAUL, COMMISSIONER               *        SECTION "F"
OF SOCIAL SECURITY ADMINISTRATION
```

                              ORDER AND REASONS

    Before the Court is the plaintiff's objection to Magistrate Judge Roby's Report and Recommendations that the Court affirm the Administrative Law Judge's decision denying the plaintiff's disability insurance benefits claim.  For the reasons that follow, the Court SUSTAINS the plaintiff's objections insofar as she objects that the ALJ's decision was not supported by substantial evidence, REJECTS the Magistrate Judge's Report & Recommendations insofar as it determined that the ALJ's decision was supported by substantial evidence, and REMANDS this matter to the Social Security Administration for further proceedings.

    The plaintiff presents two objections to the magistrate judge's Report & Recommendations: (1) an ALJ may not substitute his medical opinions for those of treating sources; and (2) there is not substantial evidence to support rejecting the treating physician opinions nor to support a finding that plaintiff can

1

perform light work.  The ALJ found that the plaintiff's combination of impairments resulted in certain limitations on her ability to work, but that she had the residual functional capacity to perform a reduced range of light exertional level work.  In reaching this determination, the ALJ purported to give partial weight to treating physicians' opinions.  But even the Commissioner suggests that no treating physician rendered an opinion on Calhoun's limitations on her ability to work and, yet, the Commissioner contends that the ALJ's determination regarding Calhoun's ability to perform light work is supported by substantial evidence.  The Court disagrees.

The Commissioner agrees that the case literature instructs that "[u]sually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing." Ripley v. Chater, 67 F.3d 552, 556-58 (5th Cir. 1995)(determining that substantial evidence was lacking where there was no medical assessment of claimant's residual functional capacity and the claimant's testimony was inconsistent with the ALJ's assessment).  The ALJ is obliged "to develop the record fully and fairly when [the ALJ concludes] that [the claimant is] capable of performing sedentary work, even though there was no medical testimony supporting this conclusion." Id. at 557.  Even when the ALJ fails to develop the record, however, the existing record itself must offer substantial evidence to support the ALJ's

2

conclusion. To be sure, there was limited evidence concerning Calhoun's limitations bearing on her ability to work. An absence of medical evidence on this point certainly undermined the ALJ's ability to determine that substantial evidence supported a finding regarding Calhoun's functional capacity to sit or stand for a work day in order to perform light work.

Consulting the existing record, there is not substantial evidence to support the ALJ's determination that the plaintiff can perform light work. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(citations omitted). To be sure, this is not a high threshold. Nevertheless, it is not met here. It is undisputed that the ALJ did not give controlling weight to the opinions of a treating neurologist and a treating nurse practitioner; the ALJ gave partial weight to opinion of another treating physician to the extent it was consistent with the plaintiff's ability to perform less than the full range of light work. While the ALJ may have been correct in rejecting or giving only partial weight to treating physicians' opinions, the Court would strain to characterize as "substantial" the evidence relied upon by the ALJ to support the residual functional capacity conclusion. For example, the ALJ relied upon a report indicating

3

that the plaintiff reported getting her children up and ready for the school bus, doing laundry, watching television, and helping her children with homework.  The record also offers a great deal of evidence concerning a litany of impairments suffered by Calhoun, including disc bulge and spinal stenosis; artery ectasia/basilar artery aneurysm; cardiac arrhythmia; hypothyroidism; and basilar migraine with vertigo.  What the record does not establish is the effect of Calhoun's ailments on her ability to work.

Although the case literature is admittedly mixed, with plaintiffs leaning on cases where the ALJ's findings were not supported by substantial evidence and the Commissioner focusing on the ALJ's prerogative to determine residual functional capacity, the Court finds that the evidence supporting the ALJ's finding in this case is insubstantial. Consider Williams v. Astrue, 355 F. App'x 828 (5th Cir. 2009), where the Fifth Circuit held that the ALJ's finding was not supported by substantial evidence. There, the ALJ did not give controlling weight to the opinions of the plaintiff's three treating physicians and concluded that the plaintiff was capable of performing a full range of light work. Williams, 355 F. App'x at 829. The Fifth Circuit noted that there was no evidence to support the ALJ's finding, observing that the ALJ substituted his own medical opinion regarding the plaintiff's stenosis and spurring and failed to consider a physical therapy

4

discharge summary that states that the plaintiff could only stand for 30 minutes at a time. Id. at 831-32.

Consider also, for example, Songy v. Berryhill, No. 17-10209, 2019 WL 632299 (E.D. La. Feb. 13, 2019), where another Section of this Court found that there was no evidence supporting the ALJ's residual functional capacity finding. There, the ALJ gave the plaintiff's two treating physicians' opinions little weight and partial weight, respectively. Songy, 2019 WL 632299 at *2. The plaintiff contended that the ALJ had improperly substituted her own medical opinions for those of the treating physicians. Id. at *4. Chief Judge Brown noted that there was no evidence that supported the ALJ's finding that the plaintiff could stand or walk for six hours in an eight-hour day, given that the ALJ did not give weight to the treating physicians' opinions and did not rely on other evidence that substantially supported her finding. Id. at *8.

Like in Williams and Songy, the ALJ here did not give controlling weight to any of the plaintiff's treating physicians' opinions. Additionally, the ALJ here had limited (if any) evidence upon which to base the residual functional capacity conclusion. Given the dearth of evidence probative of the effect of Calhoun's impairments on her ability to work, there is less than substantial evidence supporting the ALJ's finding, particularly in light of

the plaintiff's treating physicians' opinions, or, even accepting the Commissioner's argument that the treating physicians did not opine on Calhoun's work-related limitations.

On this record, the Court cannot adopt the magistrate judge's finding that the ALJ's conclusion (that the plaintiff has the capacity to perform some range of light exertional level work) is supported by substantial evidence. Nor can the Court find that the record compels the conclusion that Calhoun was disabled during the period from January 21, 2015 to March 31, 2017. Remand for additional proceedings is required.

Accordingly, IT IS ORDERED: that the plaintiff's objections are hereby SUSTAINED insofar as she objects that the ALJ's decision was not supported by substantial evidence, the magistrate judge's Report & Recommendations is hereby REJECTED insofar as it determined that the ALJ's decision was supported by substantial evidence, and the matter is hereby REMANDED to the Social Security Administration for further proceedings consistent with this Order and Reasons. Specifically, administrative proceedings shall be conducted to determine the plaintiff's residual functional capacity. The Court is mindful that judicial review is limited in scope and highly deferential; the Court does not purport to direct a particular outcome upon remand. The ALJ has the prerogative to weigh evidence and resolve conflicts in the evidence. In the

course of doing so, the ALJ shall obtain clarification from the plaintiff's treating physician(s) regarding the plaintiff's limitations, obtain a supplemental medical source statement from a consultative examiner regarding Ms. Calhoun's limitations, or both, in addition to considering other evidence necessary to determine the plaintiff's residual functional capacity.

New Orleans, Louisiana, April 16, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE