UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
JENNIFER MARIE CALHOUN                                CIVIL ACTION

v.                                                    NO. 18-9574

ANDREW SAUL, COMMISSIONER                             SECTION "F"
OF THE SOCIAL SECURITY ADMINISTRATION
```

ORDER AND REASONS

Before the Court is the plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act and the plaintiff's motion seeking an extension of time to file the motion for attorney's fees. For the reasons that follow, the motion for an extension of time is GRANTED as unopposed and the motion for attorney's fees is GRANTED in part (insofar as attorney's fees shall be awarded at a modified rate) and DENIED in part without prejudice (insofar as the plaintiff offers no support for the recovery of the $400 filing fee as costs under the EAJA).

Invoking the Equal Access to Justice Act, the plaintiff requests that the Court award $7,617.19 in attorney's fees and $400 in costs. The Commissioner neither opposes the request seeking an extension of time to file the motion for attorney's fees, nor does it oppose the request seeking an award of attorney's

1

fees and costs.  The Commissioner objects only to the $205.87 hourly rate utilized by the plaintiff to determine attorney's fees owed.  The Commissioner submits that the Court should award $400 in costs and $7,191.49 in EAJA fees to the plaintiff based on the Consumer Price Index rate for the South Urban B/C region for the relevant years in which work was performed on this case.  The Court agrees that an attorney's fee award is warranted using the Consumer Price Index rates for the relevant years for the South Urban B/C region.

The Equal Access to Justice Act provides that the Court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  See 28 U.S.C. § 2412(d)(1)(A); see also Sims v. Apfel, 238 F.3d 597, 600-601 (5th Cir. 2001)(citing Commissioner v. Jean, 496 U.S. 154, 158 (1990))(The Equal Access to Justice Act, 28 U.S.C. § 2412, provides a mandatory attorney's fee award for a prevailing party if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust.).   In light of the Court's Order issued on April 17, 2020, remanding this case to the Commissioner for further administrative proceedings, the

parties agree that the plaintiff is the prevailing party in this action brought under the Social Security Act.  As the Commissioner correctly points out, an EAJA fee award is payable to the prevailing litigant, not the attorney.  See Astrue v. Ratliff, 560 U.S. 586, 589-92 (2010).

The Court finds that the prerequisites of the EAJA are met on this record.  The only dispute is concerning quantum.  The parties agree that the time spent by plaintiff's counsel was reasonable; they disagree on the hourly rate.  The Commissioner insists that the across-the-board hourly rate sought to be applied by the plaintiff should be adjusted in favor of the hourly rate that increases slightly in each year during which plaintiff's counsel worked on the case.  The Court agrees.[1]

For the uncontested reasons presented by the parties and based on the factual predicate offered in support of the motion as well as the hourly rate(s) based on the Consumer Price Index as briefed by the Commissioner, IT IS ORDERED: that the motion for attorney's

---

[1] The Court agrees with the Commissioner's submission concerning the hourly rate(s) that should apply to the undisputed hours worked by plaintiff's counsel.  The Commissioner submits that the plaintiff's attorney worked on this case for 4.25 hours in 2018; at $191.85 per hour, the fee should be $815.36.  The plaintiff's attorney worked on this case for 29 hours in 2019; at $194.36 per hour, the fee should be $5,636.44.  The plaintiff's attorney worked on this case for 3.75 hours in 2020; at $197.25 per hour, the fee should be $739.69.  A total attorney's fee award of $7,191.49.

fees is hereby GRANTED; $7,191.49 in attorney's fees is hereby awarded to the plaintiff, but the request for $400.00 in costs is DENIED without prejudice.[2]  The Commissioner is hereby ordered to pay $7,191.49 under the Equal Access to Justice Act, payable to the plaintiff, Jennifer Marie Calhoun; the fee award may be mailed to plaintiff's counsel, Paul Brian Spurlock, Esquire, Disability Law Center, 3525 Hessmer Ave., Ste. 301, Metairie, Louisiana 70002.

New Orleans, Louisiana, November 25, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Counsel's request to recover costs in the amount of the $400.00 filing fee is unsupported.  Counsel does not invoke a procedural vehicle for recovery of such a fee.  Filing fees are not awarded procedurally under the EAJA; rather, certain fees might be awarded under 28 U.S.C. § 1920.  An award under Section 1920 must be certified by the Office of the United States Attorney to the Department of Treasury for payment. Counsel may re-urge the request to be awarded $400.00 in costs by way of supported motion.

4