UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JENNIFER MARIE CALHOUN                               CIVIL ACTION

v.                                                   NO. 18-9574

KILOLO KIJAKAZI,[1]                                  SECTION "F"
ACTING COMMISSIONER OF SOCIAL SECURITY

ORDER AND REASONS

Before the Court is the plaintiff's attorney's motion for attorney's fees under 42 U.S.C. § 406(b). For the reasons that follow, the motion is GRANTED.

**Background**

This Order and Reasons assumes familiarity with prior proceedings.

Paul Brian Spurlock has been practicing Social Security law for 40 years. He now represents claimants, like Jennifer Marie Calhoun, seeking disability benefits at the administrative and federal court levels across the country. Mr. Spurlock spent 34 hours litigating Ms. Calhoun's adverse disability benefits determination before this Court; he persuaded the Court to sustain

---

[1] Acting Commissioner of Social Security Kilolo Kijakazi is hereby substituted for Andrew Saul as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

the plaintiff's objections to the magistrate judge's report & recommendation and to reject the magistrate judge's report & recommendation insofar as the magistrate judge found that the ALJ's adverse benefits decision was supported by substantial evidence, ultimately resulting in an order remanding the case back to the Social Security Administration for further proceedings directed to determine the plaintiff's residual functional capacity.  See Order dtd. 4/16/20.  On remand to the agency, the SSA issued a Notice of Award on July 19, 2021 in which Ms. Calhoun was awarded $70,089 in past due benefits, with $17,522.25 withheld for payment of attorney's fees.  Mr. Spurlock now requests that withheld amount, an award of $17,522.25, in fees under 42 U.S.C. § 406(b) and -- given that the Court previously awarded fees under the Equal Access to Justice Act in the amount of $7,191.49 -- counsel appropriately requests that this lesser amount be refunded to the claimant (along with any § 406(a) fees he receives to the extent the fees received would exceed the $17,522.25 fee award).

I.

*A.*

Mr. Spurlock submits that his representation of Ms. Calhoun before this Court was instrumental in the ultimate receipt of benefits.  The Court agrees.  Given the risk of the contingent nature of the representation, the effectiveness of the presentment

2

of the issues and advocacy before this Court, and the absence of any reasons why the award that he seeks would be unjust, the Court finds that the fee authorization in the amount of $17,522.25 pursuant to § 406(b) of the Social Security Act is warranted.

For its part, the Commissioner "declines to assert a position on the reasonableness of Plaintiff's attorney's request, because the Commissioner is not a true party in interest." To be sure, a fee is not automatically recoverable; the Court is obliged to independently review § 406(b) requests to ensure case-specific reasonable results. See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002)("Most plausibly read, ... § 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In its independent review, the Court finds the statutory requirements are satisfied and the requested fee, timely sought, is reasonable.

*B.*

The genesis for the Court's inquiry is, as always, the statute. Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), provides:

> **(b) Fees for representation before court**
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.[2]

Regardless of whether the Court, or the agency on remand, awards past-due benefits, the Court in its discretion may authorize a reasonable § 406(b) fee award not to exceed the statutory ceiling. See Jackson v. Barnhart, 705 F.3d 527, 531 (5th Cir. 2013)(joining "[a]ll five circuits to consider the question[, which] have determined that § 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand."). Mindful of the permissive nature of the § 406(b) fee award inquiry, the Court assesses the timeliness and reasonableness of an attorney's § 406(b) request. See McGraw v. Barnhart, 450 F.3d 493, 502-03 (10th Cir. 2006). As for timeliness, the plaintiff's attorney filed his motion seeking § 406(b) fees within 30 days after the Commissioner issued the Notice of Award. Plaintiff's counsel had previously

---

[2] Whereas § 406(b) controls fees for representation in court, § 406(a), by contrast, governs fees for representation in administrative proceedings.

4

(and thoughtfully)[3] requested permission to file his § 406(b) application within 30 days after the Notice of Award, and permission was granted. See Order and Reasons dtd. 11/25/20. Being filed within the Court-ordered extension, the motion is timely. See Fed. R. Civ. P. 54(d)(2)(B)("*Unless a statute or a court order provides otherwise*, [a] motion [seeking attorney's fees] must ... be filed no later than 14 days after the entry of judgment[.]"); see also Pierce v. Barnhart, 440 F.3d 657, 663 (5th Cir. 2006).

In the reasonableness calculus, courts might consider relevant factors such as whether the contingency percentage is within the 25% cap; whether there has been fraud or overreaching in the agreement; whether the requested amount would be a windfall to the attorney; the amount of time spent on the case; the lawyer's normal hourly billing charge for noncontingent-fee cases; and generally speaking the character of the representation and the results achieved. See Gisbrecht, 535 U.S. at 807-08 (citations omitted)(§ 406(b) applications are not evaluated under the "lodestar" method; rather, the district court shall independently review contingent-fee arrangements to ensure that they yield

---

[3] A § 406(b) motion is not available until a favorable award is issued by the Commissioner, which (as here) may not occur until months or years after remand.

reasonable results in particular cases); see also Jeter v. Astrue, 622 F.3d 371, 380-82 (5th Cir. 2010)(although district court may not exclusively rely on lodestar method, district court is not precluded from considering the lodestar method in determining whether attorney's fees constitute a windfall under § 406(b)). The statutory ceiling for fees is 25 percent of past-due benefits, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." See id.

Guided by these principles, the Court finds that plaintiff's counsel's fee request is reasonable and would not constitute a windfall under the circumstances of this case. Here, the plaintiff's attorney requests $17,522.25, which in lodestar parlance would be $515.36 per hour for the 34 hours devoted to handling this matter in this Court. This request is approximately 24.64 percent of plaintiff's past-due benefits of $71,124.50; so, below the statutory cap. The Court finds that the fee quantum sought is reasonable for the effective services rendered, considering the attorney's risk of loss insofar as counsel assumed the risk that no benefits would be awarded and that he would recover nothing under the contingent fee arrangement, his expertise in Social Security cases, that he efficiently litigated and did not delay this case, and the relative difficulty of the case. See Washington v. Saul, No. 17-8734, 2021 WL 3375493, at *2

6

(E.D. La. May 20, 2021)(North, M.J.)(recommending that plaintiff's petition for attorney's fees be granted; observing that the award of fees that would compensate plaintiff's counsel at a rate of $792.99 per hour, while "significantly higher" than hourly rates awarded on EAJA fee applications and higher than the $500 counsel charges in non-contingency cases, considering the substantial past-due benefits award, "the applicable hourly rate is but a reflection of the effective and efficient representation provided" and notably "less than rates approved in other cases"), adopted on 8/3/21; see also Shaderock v. Colvin, 220 F. Supp. 3d 47, 48 (D.D.C. 2016)(approving § 406(b) fee award that amounted to an hourly rate of $696.65, or 2.36 times counsel's normal hourly rate and citing cases approving larger multipliers).

## II.

This Court has already awarded fees under the Equal Access to Justice Act. See Order and Reasons dtd. 11/25/20.[4]  Notably, fees

---

[4] The Equal Access to Justice Act provides that the Court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  See 28 U.S.C. § 2412(d)(1)(A); see also Sims v. Apfel, 238 F.3d 597, 600-601 (5th Cir. 2001)(citing Commissioner v. Jean, 496 U.S. 154, 158 (1990))(The Equal Access to Justice Act, 28 U.S.C. § 2412, provides a mandatory attorney's fee award for a prevailing party if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust.); see also Astrue

available under § 406 are distinct in kind from EAJA fees; they must be awarded separately.[5]  Once the Court determines a reasonable § 406(b) fee amount, if the plaintiff's attorney received fees pursuant to the EAJA as well as § 406(b) fees, then the attorney must refund the amount of the smaller fee to the plaintiff.  See, e.g., Gisbrecht, 535 U.S. at 796; McGraw, 450 F.3d at 497 n.2 (counsel should "make the required refund to his client, rather than ... delegate that duty to the Commissioner.").

Here, plaintiff's counsel received $7,191.49 in EAJA fees. Thus, the award in § 406(b) fees (which exceeds the EAJA fee award amount) must be accompanied by an order that plaintiff's counsel shall refund $7,191.49 to the plaintiff.

***

It is undisputed that the plaintiff's attorney's effective advocacy persuaded this Court to remand this case for further administrative proceedings due to errors in the ALJ's benefits determination, and that remand led to an outright award of benefits.  Based on this successful, fully favorable result for the claimant, plaintiff's counsel seeks § 406(b) fees in the amount

---

v. Ratliff, 560 U.S. 586, 589-92 (2010)(an EAJA fee award is payable to the prevailing litigant, not the attorney).  This Court already awarded to the litigant AJA fees in the amount of....
[5] EAJA fees are paid out of Agency funds, while § 406(b) fees are paid out of the plaintiff's past-due benefits.

of $17,522.25.  For the foregoing reasons, IT IS ORDERED: that the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby GRANTED; $17,522.25 in attorney's fees is hereby awarded to the plaintiff's counsel.  IT IS FURTHER ORDERED: that plaintiff's counsel shall refund to the claimant $7,191.49 in EAJA fees already paid to counsel.

New Orleans, Louisiana, October 13, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE